IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-00898-BNB
(**The above civil action number must appear on all future papers sent to the Court in this action.  Failure to include this number may result in a delay in the consideration of your claims.**)

NIKOS WARRENCE,

    Plaintiff,

v.

[NO NAMED DEFENDANT],

    Defendant.

___

ORDER DIRECTING PLAINTIFF TO CURE DEFICIENCIES
AND FILE COMPLAINT THAT COMPLIES WITH RULE 8

___

Plaintiff, Nikos Warrence, resides in Leadville, Colorado.  On March 27, 2014, he submitted *pro se* a document entitled "Federal Injunction Request" (ECF No. 1).  As part of the Court's review pursuant to D.C.COLO.LCivR 8.1(a), the Court has determined that the document is deficient as described in this order.  Plaintiff will be directed to cure the following if he wishes to pursue his claims.  Any papers that Plaintiff files in response to this order must include the civil action number noted above in the caption of this order.

**28 U.S.C. § 1915 Motion and Affidavit**:
(1)   <u> X </u>   is not submitted
(2)   <u>   </u>   is missing affidavit
(3)   <u>   </u>   is missing **certified** copy of prisoner's trust fund statement for the 6-month period immediately preceding this filing
(4)   <u>   </u>   is missing certificate showing current balance in prison account
(5)   <u>   </u>   is missing required financial information
(6)   <u>   </u>   is missing an original signature by the prisoner
(7)   <u> X </u>   is not on proper form (<u>must use the Court's current form</u>)
(8)   <u>   </u>   names in caption do not match names in caption of complaint, petition or habeas application

(9)   X     other: <u>Plaintiff may pay $400.00 (the $350.00 filing fee plus a $50.00 administrative fee) in lieu of filing § 1915 motion and affidavit.</u>

**Complaint, Petition or Application**:
(10)   X     is not submitted
(11)   X     is not on proper form <u>(must use the Court's current form)</u>
(12)   __    is missing an original signature by the prisoner
(13)   __    is missing page no. __
(14)   __    uses et al. instead of listing all parties in caption
(15)   __    Sufficient copies to serve each defendant/respondent have not been received by the Court.
(16)   __    names in caption do not match names in text
(17)   __    other:

The Court must construe the filing liberally because Mr. Warrence is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Warrence will be ordered to file a complaint on the proper, court-approved form if he wishes to pursue his claims in this action.

The Court has reviewed Mr. Warrence's filing and finds that it fails to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim

showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate Rule 8.

Claims must be presented clearly and concisely in a manageable format that allows a court and a defendant to know what claims are being asserted and to be able to respond to those claims. *New Home Appliance Ctr., Inc., v. Thompson*, 250 F.2d 881, 883 (10th Cir. 1957). For the purposes of Rule 8(a), "[i]t is sufficient, and indeed all that is permissible, if the complaint concisely states facts upon which relief can be granted upon any legally sustainable basis." *Id.* Thus, in order to satisfy Rule 8, Mr. Warrence must allege, simply and concisely, his specific claims for relief, including the specific rights that allegedly have been violated and the specific acts of each defendant that allegedly violated his rights. A long, chronological recitation of facts is not required. Nor should the Court or defendants be required to sift through Mr. Warrence's allegations to locate the heart of each claim. The general rule that *pro se* pleadings must be construed liberally has limits and "the Court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record" *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

Mr. Warrence alleges official misconduct by various state officials, including police officers, prosecuting attorneys, and judges. However, Mr. Warrence fails to provide a short and plain statement of any claims showing he is entitled to relief. First, to the extent Mr. Warrence seeks intervention into ongoing state proceedings, the Court must abstain from exercising jurisdiction over this claim pursuant to *Younger v. Harris,*

401 U.S. 37, 44 (1971).  The Tenth Circuit Court of Appeals has explained *Younger* abstention as follows:

> Under the *Younger* abstention doctrine, federal courts should not interfere with state court proceedings by granting equitable relief—such as injunctions of important state proceedings or declaratory judgments regarding constitutional issues in those proceedings—when a state forum provides an adequate avenue for relief. Younger abstention is non-discretionary; the district court must abstain once the conditions are met, absent extraordinary circumstances. As [the] court stated in *Amanatullah [v. State Bd. Of Medical Examiners,* 187 F.3d 1160 (10th Cir.1999) ]:
>
> A federal court must abstain from exercising jurisdiction when: (1) there is an ongoing state criminal, civil, or administrative proceeding, (2) the state court provides an adequate forum to hear the claims raised in the federal complaint, and (3) the state proceedings "involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies.

*Weitzel v. Div. of Occupational and Professional Licensing,* 240 F.3d 871, 875 (10th Cir. 2001) (internal citations omitted).

Second, Mr. Warrence lacks standing to prosecute a criminal action under 18 U.S.C. § 242.  *See, e.g., Cok v. Cosentino*, 876 F.2d 1, 2 (1st Cir.1989) (per curiam); *Connecticut Action Now, Inc. v. Roberts Plating Co.*, 457 F.2d 81, 86-87 (2d Cir.1972) ("It is a truism, and has been for many decades, that in our federal system crimes are always prosecuted by the Federal Government, not as has sometimes been done in Anglo-American jurisdictions by private complaints."); *Winslow v. Romer*, 759 F. Supp. 670, 673 (D. Colo.1991) ("Private citizens generally have no standing to institute federal criminal proceedings.").

Third, in order to state a claim in federal court under 42 U.S.C. § 1983, Mr. Warrence "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the

plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). Mr. Warrence fails to assert any specific facts supporting a claim under § 1983. Accordingly, it is

ORDERED that Plaintiff, Nikos Warrence, cure the deficiencies designated above **within thirty (30) days from the date of this order**. Any papers that Plaintiff files in response to this order must include the civil action number on this order. It is

FURTHER ORDERED that Plaintiff shall obtain the Court-approved forms for filing a Complaint and Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915, along with the applicable instructions, at www.cod.uscourts.gov, and shall use all pages of those forms in curing the designated deficiencies and filing a Complaint that complies with Rule 8 of the Federal Rules of Civil Procedure. The Court will not consider any claims in separate attachments, amendments, supplements, motions, or other documents not included in the Complaint. It is

FURTHER ORDERED that, if Plaintiff fails to cure the designated deficiencies and file a Complaint as directed **within thirty days from the date of this order**, the entire action may be dismissed without further notice.

DATED April 2, 2014, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge