IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-00898-BNB

NIKOS WARRENCE,

    Plaintiff,

v.

BARACK HUSSEIN OBAMA II, US PRESIDENT,
US JUSTICE DEPARTMENT, AS AN ENTITY AND ALL INDIVIDUAL MEMBERS
    DIRECTED POLICY AND GREEN-LIGHTING NAZI BOOK-BURNING, FELONY
    INTIMIDATION WITH THE THREAT OF VIOLENCE AND DEATH, INFINITE
    FASCIST ACTIONS ON THE PART OF ANY GOVERNMENT OFFICIAL (ERIC
    HOLDER LISTED SEPARATELY IN ATTACHED),
US SUPREME COURT AS AN ENTITY (MEMBERS FOLLOWS, ALL SENT VIA USPS
    NOTIFICATION,
JOHN G. ROBERTS,
SONIA SOTMAYOR,
STEPHEN J. BREYER,
SAMUEL A. ALITO,
ELENA KAGAN,
CLARENCE THOMAS,
ANTONIN SCOLIA,
ANTHONY KENNEDY,
RUTH BADER GINSBURG,
CHIEF TENTH CIRCUIT COURT OF APPEALS JUDGE MARY BRISCOE, and
81 ADDITIONAL NAZI BOOK-BURNING FELONS,

    Defendants.

## ORDER OF DISMISSAL

Plaintiff, Nikos Warrence, currently resides in Leadville, Colorado. Mr. Warrence initiated this action by filing, *pro se*, a document entitled "Federal Injunction Request" (ECF No. 1). On April 2, 2014, Magistrate Judge Boyd N. Boland reviewed the filing and determined that it was deficient. Judge Boland instructed Mr. Warrence to submit a

Motion and Affidavit to Proceed Pursuant to 28 U.S.C. § 1915 on the court-approved form or pay the $400.00 filing fee within thirty days.  Judge Boland also informed Mr. Warrence that he needed to file a complaint on the proper-court approved form that complied with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure and provided a short and plain statement of his claims showing that he is entitled to relief.  (*See* ECF No. 3).  After submitting two documents that did not comply with the April 2 Order, Judge Boland granted Mr. Warrence an additional thirty days to file his documents on the court-approved forms.  (*See* ECF No. 12).  He was warned that failure to comply with the order would result in dismissal of this action without further notice.  (*Id.*).

On June 11, 2014, Mr. Warrence filed a Complaint on the proper form entitled "Request for Anti-Justice System Corruption and Thin-Blue-Line Felony Protectionism Investigation and Prosecution in the United States State of Colorado in the Spirit of Dr. Rubin 'Hurricane' Carter."  (ECF No. 13).  On June 12, 2014, he filed an Application to Proceed in District Court without Prepaying Fees or Costs (ECF No. 14), which was granted by Judge Boland on June 17, 2014.

The Court must construe Mr. Warrence's Complaint liberally because he is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  If the Complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements."  *Hall*, 935 F.2d at 1110.  However, the Court does not act as an

2

advocate for a *pro se* litigant. *See id*. For the reasons stated below, the Complaint and the action will be dismissed as frivolous.

The Court has reviewed the Complaint and finds that it fails to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure because Mr. Warrence simply copied and pasted his original document into the court-approved complaint form. Despite specific instructions provided by Judge Boland, the Complaint continues to fail to set forth a short and plain statement of (1) the grounds for the court's jurisdiction; (2) the claims showing Mr. Warrence is entitled to relief; and (3) the relief he seeks in this action. The Complaint is largely unintelligible; it is a verbose, disorganized, and confusing diatribe. In short, the Complaint makes no sense. It is not clear what specific claims Mr. Warrence is asserting, the facts that support each asserted claim, the Defendant or Defendants against which each claim is asserted, and what each Defendant did that allegedly violated his rights. For example, Mr. Warrence alleges that "it is absurd, impossible, absolutely counter-productive, and akin to at least legal if not literal suicide to list the crimes of each individual defendant until a complete re-creation of the thousands of pages these Nazi Book-Burning felons have proudly destroyed." (ECF No. 13 at 6).

Subsection (e)(2)(B) of § 1915 requires a court to dismiss *sua sponte* an action at any time if the action is frivolous, malicious, or seeks monetary relief against a defendant who is immune from such relief. Mr. Warrence's attempt to pursue criminal charges against 92 public officials in this action is frivolous. A claim is frivolous if it "lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A legally frivolous claim rests on "an indisputably meritless legal theory," such

as a claim that a non-existent legal interest has been infringed. *Id.* at 327. As explained in the April 2 order to cure, Mr. Warrence lacks standing to prosecute a criminal action under 18 U.S.C. § 242. *See e.g., Cok v. Cosentino*, 876 F.2d 1, 2 (1st Cir.1989) (per curiam); *Connecticut Action Now, Inc. v. Roberts Plating Co.*, 457 F.2d 81, 86-87 (2d Cir.1972) ("It is a truism, and has been for many decades, that in our federal system crimes are always prosecuted by the Federal Government, not as has sometimes been done in Anglo-American jurisdictions by private complaints."); *Winslow v. Romer*, 759 F. Supp. 670, 673 (D. Colo.1991) ("Private citizens generally have no standing to institute federal criminal proceedings."). Accordingly, the Court finds that Mr. Warrence's claims are legally frivolous because they are based on an "indisputably meritless legal theory." *See Neitzke,* 490 U.S. at 325.

In addition, a claim is factually frivolous if it depicts "fantastic or delusional scenarios," *Neitzke,* 490 U.S. at 328, or where "the facts alleged rise to the level of the irrational or the wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). The Court finds that Mr. Warrence's claims rest on "fantastic or delusional scenarios" which "rise to the level of the irrational or the wholly incredible." *See Neitzke*, 490 U.S. at 327-28; *Denton,* 504 U.S. at 33. Thus, the claims are baseless and Mr. Warrence is not entitled to relief in this action. The Complaint and the action will be dismissed as frivolous under § 1915(e)(2)(B).

Finally, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Mr. Warrence files a notice of appeal he must also pay the full $505.00

appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

Accordingly, it is

ORDERED that the Complaint (ECF No. 13) and the action are dismissed as frivolous under § 1915(e)(2)(B).  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.  It is

FURTHER ORDERED that any pending motions are denied as moot.

DATED at Denver, Colorado, this  20th  day of   June  , 2014.

BY THE COURT:


 s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court